UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PAMELA A. PARRIS, | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No. 2:14cv142 |
| PNC MORTGAGE, a division of PNC BANK, N.A., | ) ) ) ) |
| Defendant. | ) ) ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, PNC Mortgage, a division of PNC Bank, National Association ("**PNC**"), by counsel, submits this Answer and Affirmative Defenses to the Complaint filed against it by Pamela A. Parris (the "**Plaintiff**"), and in support thereof, states as follows:

### Introduction

1. The allegations contained in Paragraph 1 of the Complaint do not require a response. To the extent a response is appropriate, they are denied.

2. PNC denies the allegations contained in Paragraph 2 of the Complaint.

3. PNC denies the allegations contained in Paragraph 3 of the Complaint.

### Parties

4. PNC admits the allegations contained in Paragraph 4 of the Complaint.

5. PNC admits the allegations contained in paragraph 5 of the Complaint.

### Facts

6. PNC admits the allegations contained in Paragraph 6 of the Complaint,

7. In response to the allegations contained in Paragraph 7 of the Complaint, PNC states that the Note speaks for itself and PNC denies the allegations to the extent they are inconsistent with the terms of the Note.

8. PNC admits the allegations contained in Paragraph 8 of the Complaint.

9. In response to the allegations contained in Paragraph 9 of the Complaint, PNC states that the National Housing Act speaks for itself and denies the allegations to the extent they are inconsistent with the Act.

10. In response to the allegations contained in Paragraph 10 of the Complaint, PNC states that the regulations speak for themselves and denies the allegations to the extent they are inconsistent with the regulations.

11. In response to the allegations contained in Paragraph 11 of the Complaint, PNC states that the Handbook speaks for itself and denies the allegations to the extent they are inconsistent with the Handbook.

12. In response to the allegations contained in Paragraph 12 of the Complaint, PNC states that the Deeds of Trust speak for themselves and denies the allegations to the extent they are inconsistent with the Deeds of Trust.

13. In response to the allegations contained in Paragraph 13 of the Complaint, PNC states that the Deeds of Trust speak for themselves and denies the allegations to the extent they are inconsistent with the Deeds of Trust.

14. In response to the allegations contained in Paragraph 14 of the Complaint, PNC states that the regulations speak for themselves and denies the allegations to the extent they are inconsistent with the regulations.

15. In response to the allegations contained in Paragraph 15 of the Complaint, PNC states that the regulations speak for themselves and denies the allegations to the extent they are inconsistent with the regulations.

16. In response to the allegations contained in Paragraph 16 of the Complaint, PNC states that the Virginia Supreme Court case speaks for itself and denies the allegations to the extent they are inconsistent with the case.

17. PNC denies the allegations contained in paragraph 17 of the Complaint.

18. PNC denies the allegations contained in paragraph 18 of the Complaint.

19. In response to the allegations contained in paragraph 19 of the Complaint, PNC states that it is aware of the FHA regulations and the terms of Plaintiff's loan.

20. PNC denies the allegations contained in paragraph 20 of the Complaint.

21. PNC denies the allegations contained in paragraph 21 of the Complaint.

22. PNC lacks sufficient information to admit the allegations contained in paragraph 22 of the Complaint and therefore denies them.

23. In response to the allegations contained in paragraph 23 of the Complaint, PNC admits that Plaintiff defaulted on the terms of her loan beginning in 2008 and, to date, has failed to cure such default.

24. PNC admits the allegations contained in paragraph 24 of the Complaint.

25. In response to the allegations contained in paragraph 25 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with the letter.

26. PNC admits the allegations contained in paragraph 26 of the Complaint.

27. In response to the allegations contained in paragraph 27 of the Complaint, PNC admits Plaintiff filed a motion to suspend her chapter 13 plan payments and failed to make the November and December 2009 and January 2010 payments.

28. In response to the allegations contained in paragraph 28 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with the letter.

29. In response to the allegations contained in paragraph 29 of the Complaint, PNC admits that Plaintiff provided some information but affirmatively states that additional information was required.

30. PNC admits the allegations contained in paragraph 30 of the Complaint.

31. PNC admits the allegations contained in paragraph 31 of the Complaint.

32. In response to the allegations contained in paragraph 32 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with the letter.

33. In response to the allegations contained in paragraph 33 of the Complaint, PNC states the Notice speaks for itself and denies the allegations to the extent they are inconsistent with the Notice.

34. In response to the allegations contained in paragraph 34 of the Complaint, PNC states that Plaintiff's bankruptcy case was dismissed by order dated March 11, 2010.

35. In response to the allegations contained in paragraph 35 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with

the letter. PNC lacks sufficient information to admit the remaining allegations and therefore denies them.

36. In response to the allegations contained in paragraph 36 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with the letter.

37. In response to the allegations contained in paragraph 37 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with the letter.

38. In response to the allegations contained in paragraph 38 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with the letter.

39. In response to the allegations contained in paragraph 39 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with the letter.

40. PNC lacks sufficient information to admit the allegations contained in paragraph 40 of the Complaint and therefore denies them.

41. PNC lacks sufficient information to admit the allegations contained in paragraph 41 of the Complaint and therefore denies them.

42. PNC lacks sufficient information to admit the allegations contained in paragraph 42 of the Complaint and therefore denies them.

43. PNC admits the allegations contained in paragraph 43 of the Complaint.

44. In response to the allegations contained in paragraph 44 of the Complaint, PNC states the correspondence speaks for itself and denies the allegations to the extent they are inconsistent with the correspondence.

45. PNC denies the allegations contained in paragraph 45 of the Complaint.

46. PNC lacks sufficient information to admit the allegations contained in paragraph 46 of the Complaint and therefore denies them.

47. PNC lacks sufficient information to admit the allegations contained in paragraph 47 of the Complaint and therefore denies them.

48. In response to the allegations contained in paragraph 48 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with the letter.

49. PNC lacks sufficient information to admit the allegations contained in paragraph 49 of the Complaint and therefore denies them.

50. In response to the allegations contained in paragraph 50 of the Complaint, PNC states the agreement speaks for itself and denies the allegations to the extent they are inconsistent with the agreement.

51. In response to the allegations contained in paragraph 51 of the Complaint, PNC admits the chapter 13 bankruptcy case was converted to one under chapter 7. Answering further, PNC states such conversion was the result of a motion to convert filed by the United States Trustee due to Plaintiff's failure to make her required chapter 13 plan payments.

52. In response to the allegations contained in paragraph 52 of the Complaint, PNC states the agreement speaks for itself and denies the allegations to the extent they are inconsistent with the agreement.

53. In response to the allegations contained in paragraph 53 of the Complaint, PNC states the agreement speaks for itself and denies the allegations to the extent they are inconsistent with the agreement.

54. In response to the allegations contained in paragraph 54 of the Complaint, PNC states the agreement speaks for itself and denies the allegations to the extent they are inconsistent with the agreement.

55. PNC lacks sufficient information to admit the allegations contained in paragraph 55 and therefore denies them.

56. In response to the allegations contained in paragraph 56 of the Complaint, PNC states the agreement speaks for itself and denies the allegations to the extent they are inconsistent with the agreement.

57. In response to the allegations contained in paragraph 57 of the Complaint, PNC admits only that it recorded the agreement in the land records. The remaining allegations are denied.

58. PNC lacks sufficient information to admit the allegations contained in paragraph 58 and therefore denies them.

59. PNC lacks sufficient information to admit the allegations contained in paragraph 59 and therefore denies them.

60. PNC lacks sufficient information to admit the allegations contained in paragraph 60 and therefore denies them.

61. In response to the allegations contained in paragraph 61 of the Complaint, PNC states the agreement speaks for itself and denies the allegations to the extent they are inconsistent with the agreement.

62. In response to the allegations contained in paragraph 62 of the Complaint, PNC states the correspondence speaks for itself and denies the allegations to the extent they are inconsistent with the correspondence.

63. PNC lacks sufficient information to admit the allegations contained in paragraph 63 and therefore denies them.

64. In response to the allegations contained in paragraph 64 of the Complaint, PNC states that such documents speak for themselves and PNC denies the allegations to the extent they are inconsistent with the documents.

65. In response to the allegations contained in paragraph 65 of the Complaint, PNC states the agreement speaks for itself and denies the allegations to the extent they are inconsistent with the agreement.

66. In response to the allegations contained in paragraph 66 of the Complaint, PNC states the agreement speaks for itself and denies the allegations to the extent they are inconsistent with the agreement.

67. PNC denies the allegations contained in paragraph 67 of the Complaint.

68. In response to the allegations contained in paragraph 68 of the Complaint, PNC states the letter speaks for itself and denies the allegations to the extent they are inconsistent with the letter.

69. The allegations contained in paragraph 69 of the Complaint are matters of public record and PNC denies the allegations to the extent they are inconsistent with such record.

70. In response to the allegations contained in paragraph 70 of the Complaint, PNC admits it cancelled the foreclosure sale. The remaining allegations are denied.

71. The allegations contained in paragraph 71 of the Complaint are matters of public record and PNC denies the allegations to the extent they are inconsistent with such record.

72. PNC lacks sufficient information to admit the allegations contained in paragraph 72 of the Complaint and therefore denies them.

73. PNC lacks sufficient information to admit the allegations contained in paragraph 73 of the Complaint and therefore denies them.

74. In response to the allegations contained in paragraph 74 of the Complaint, PNC states that the Act speaks for itself and denies the allegations to the extent they are inconsistent with the Act.

75. In response to the allegations contained in paragraph 75 of the Complaint, PNC states that the Act speaks for itself and denies the allegations to the extent they are inconsistent with the Act.

76. In response to the allegations contained in paragraph 76 of the Complaint, PNC states that the Act speaks for itself and denies the allegations to the extent they are inconsistent with the Act.

77. In response to the allegations contained in paragraph 74 of the Complaint, PNC states that the protocol speaks for itself and denies the allegations to the extent they are inconsistent with the protocol.

78. PNC lacks sufficient information to admit the allegations contained in paragraph 78 of the Complaint and therefore denies them.

79. The allegations contained in paragraph 79 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is appropriate, PNC denies them.

80. PNC lacks sufficient information to admit the allegations contained in paragraph 80 of the Complaint and therefore denies them.

## Count One

81. The allegations contained in paragraph 81 require no response. To the extent a response is appropriate, PNC restates and realleges the preceding paragraphs.

82. PNC denies the allegations contained in Paragraph 82 of the Complaint.

83. PNC denies the allegations contained in Paragraph 83 of the Complaint.

84. PNC denies the allegations contained in Paragraph 84 of the Complaint.

85. PNC denies the allegations contained in Paragraph 85 of the Complaint.

## Count Two

86. The allegations contained in paragraph 86 require no response. To the extent a response is appropriate, PNC restates and realleges the preceding paragraphs.

87. The allegations contained in paragraph 87 state legal conclusions to which no response is necessary. To the extent a response is appropriate, they are denied.

88. PNC denies the allegations contained in Paragraph 85 of the Complaint.

89. PNC denies the allegations contained in Paragraph 85 of the Complaint.

90. PNC denies the allegations contained in Paragraph 85 of the Complaint.

91. PNC denies the allegations contained in Paragraph 85 of the Complaint.

92. PNC denies the allegations contained in Paragraph 85 of the Complaint.

93. The remaining allegations of the Complaint state Plaintiff's prayer for relief which is denied.

94. Unless specifically admitted herein, all allegations contained in the Complaint are denied.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by Plaintiff's own material breaches of contract.

**WHEREFORE**, PNC respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of PNC on the merits; award PNC its costs; and, grant PNC such other and further relief as this Court deems just and proper.

Dated: September 17, 2014

Respectfully submitted,

PNC BANK, NATIONAL ASSOCIATION

/s/
Christopher L. Perkins (VSB No. 41783)
Christian Kirk Vogel (VSB No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 E. Byrd Street
P.O. Box 2499
Richmond, Virginia 23219
Phone: (804) 783-7550
Fax: (804) 783-7686
cperkins@leclairryan.com

*Counsel for PNC Mortgage, a division of PNC Bank, National Association*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2014, a true copy of the foregoing was served, via the CM/ECF system and/or regular mail, postage prepaid, upon:

> Leonard A. Bennett
> Robin A. Abbott
> CONSUMER LITIGATION ASSOCIATIONS, P.C.
> 763 J. Clyde Morris Boulevard, Suite 1-A
> Newport News, Virginia 23601
> *Counsel for Pamela A. Parris*

> David N. Anthony
> Troutman Sanders, LLP
> 1001 Haxall Point
> Richmond, Virginia 23219
> *Counsel for Experian Information Solutions, Inc.*

/s/
Christopher L. Perkins (VSB No. 41783)
Christian Kirk Vogel (VSB No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Phone: (804) 783-7550
Fax: (804) 783-7686
cperkins@leclairryan.com